IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| TODD UPSHAW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 317-029 |
| | ) | |
| JOHN WATTS, Tier II OIC, Telfair State Prison; BARABARA GRANT, Unit Manager; and BEASLEY, Lieutenant,[1] | ) ) ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**
_____

Plaintiff, currently incarcerated at Telfair State Prison ("TSP") in Helena, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

**I.     SCREENING OF THE AMENDEDCOMPLAINT**

Plaintiff names as Defendants (1) John Watts, Tier II Officer in Charge; (2) Barbara Grant, Unit Manager; and (3) Beasley, Lieutenant. (Doc. no. 1, pp. 1, 8.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

---

[1] The Court **DIRECTS** the Clerk to update the docket in accordance with the caption on this Order.

On May 10, 2017, Plaintiff was transferred to Augusta State Medical Prison ("ASMP") to examine what had been diagnosed as a pinched nerve. (Id. at 5.) Two ASMP doctors ran several tests, including shocking his veins with two prongs of a rectangular device and inserting a needle into various places on his left arm and neck. (Id. at 8.) After a considerable amount of time, Plaintiff was transferred back to TSP. (Id. at 9.)

When first transferred to TSP, Plaintiff was housed in Tier II Unit E-2. (Id.) While there, he heard various threats and references to assaults regarding the F-building. (Id.) In particular, Plaintiff was told by fellow inmates "Wait until we get back to F-building, we gone have plenty of yard," and "we don't have to keep talking, we'll see once we get on the yard in F-building." (Id.) When Plaintiff was transferred to F-1 building, Plaintiff was afraid to go outside for recreation because of the aforementioned threats and the compromised nature of the recreation yard. (Id.) Inmates regularly pick the locks on the cages in the yard and assault fellow inmates, which has caught the attention of guards on three to four different occasions. (Id.) Because of these dangerous conditions, Plaintiff has not ventured outside of his cell for recreation in 170 days. (Id. at 10.)

On March 30, 2017, Plaintiff appealed his Phase Three plus extension to remain housed in Tier II, but to date has not received a decision regarding this appeal. (Id.) Plaintiff also appealed his March 20, 2017 Phase hearing, but has not received a decision regarding that appeal either. (Id. at 11.) However, Plaintiff attaches a reviewed appeal form in which Warden Hall "concur[s] with committee" regarding Plaintiff's phase classification. (Id. at 14.)

On June 2, 2017, Plaintiff received two disciplinary reports. (Id. at 11.) Defendant

Beasley held a disciplinary hearing regarding these reports on June 20, 2017, during which Plaintiff informed him of several deficiencies in the hearing process. (Id.) Defendant Beasley apparently conducted the hearing anyway, and refused to help Plaintiff figure out how to appeal his decision. (Id.) Furthermore, to date, Defendant Beasley has not provided Plaintiff with the basis for his finding of guilt. (Id.)

Finally, Plaintiff contends the law library at TSP does not carry the Georgia Administrative Code as part of its database. (Id.)

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds Plaintiff has *arguably* stated an Fourteenth Amendment due process claim against Defendant Beasley for failing to provide Plaintiff with a written basis for his finding of guilt. See O'Bryant v. Finch, 637 F.3d 1207, 1213 (11th Cir. 2011) (holding prisoners must be given written statement by factfinder outlining evidence relied upon and reasons for disciplinary action). In a companion Report and Recommendation, the Court recommends dismissal of Plaintiff's transfer, deliberate indifference, appeal, and access to courts claims against all other Defendants.

## II. INSTRUCTIONS

**IT IS HEREBY ORDERED** that service of process shall be effected on Defendant Beasley. The United States Marshal shall mail a copy of the amended complaint (doc. no. 10) and this Order by first-class mail and request that the defendants waive formal service of the summons. Fed. R. Civ. P. 4(d). Individual defendants have a duty to avoid unnecessary costs of serving the summons, and if a defendant fails to comply with the request for waiver, the defendant must bear the costs of personal service unless good cause can be shown for failure to

return the waiver. Fed. R. Civ. P. 4(d)(2). A defendant whose return of the waiver is timely does not have to answer the amended complaint until sixty days after the date the Marshal mails the request for waiver. Fed. R. Civ. P. 4(d)(3). However, service must be effected within 90 days of the date of this Order, and the failure to do so may result in the dismissal of any unserved defendant or the entire case. Fed. R. Civ. P. 4(m). Plaintiff is responsible for providing sufficient information for the Marshal to identify and locate the defendant to effect service.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon the defendant, or upon his defense attorney if appearance has been entered by counsel, a copy of every further pleading or other document submitted to the Court. Plaintiff shall include with the papers to be filed a certificate stating the date a true and correct copy of any document was mailed to the defendants or their counsel. Fed. R. Civ. P. 5; Loc. R. 5.1. Every pleading shall contain a caption setting forth the name of the court, the title of the action, and the file number. Fed. R. Civ. P. 10(a). Any paper received by a District Judge or Magistrate Judge that has not been properly filed with the Clerk of Court or that fails to include a caption or certificate of service will be returned.

It is Plaintiff's duty to cooperate fully in any discovery that may be initiated by the defendant. Upon being given at least five days notice of the scheduled deposition date, Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath and solemn affirmation, any question that seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, <u>including dismissal of this case</u>. The defendant shall ensure that Plaintiff's deposition and any other

depositions in the case are taken <u>within the 140-day discovery period</u> allowed by this Court's Local Rules.

While this action is pending, Plaintiff shall immediately inform this Court and opposing counsel of any change of address. Failure to do so will result in dismissal of this case.

Plaintiff must pursue this case; if Plaintiff does not press the case forward, the Court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Loc. R. 41.1. If Plaintiff wishes to obtain facts and information about the case from the defendants, Plaintiff must initiate discovery. <u>See generally</u> Fed. R. Civ. P. 26 through 37 (containing the rules governing discovery and providing for the basic methods of discovery). Plaintiff should begin discovery promptly and complete it within four months after the filing of the last answer of a defendant named in the amended complaint screened herein.

Interrogatories are a practical method of discovery for *pro se* litigants. <u>See</u> Fed. R. Civ. P. 33. Interrogatories shall not contain more than twenty-five questions. <u>Id.</u> Plaintiff must have the Court's permission to propound more than one set of interrogatories to a party. Discovery materials should not be filed routinely with the Clerk of the Court; exceptions include when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. If Plaintiff wishes to file a motion to compel pursuant to Fed. R. Civ. P. 37, he should first contact the attorney for the defendant and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Loc. R. 26.5.

Plaintiff must maintain a set of records for the case. If papers are lost and new copies are required, these may be obtained from the Clerk of the Court at the standard cost of fifty cents per page.

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Loc. R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that there is no opposition to the defendant's motion and grant the dismissal.

A response to a motion for summary judgment must be filed within twenty-one days after service of the motion. Loc. R. 7.5, 56.1. A failure to respond shall indicate that there is no opposition to the motion. Loc. R. 7.5. Furthermore, each material fact set forth in a defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should a defendant file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine issue as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the amended complaint. Should a defendant's motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest the defendant's statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine issue for trial, the consequences are these: any factual assertions made in the defendant's affidavits will be accepted as true and summary

judgment will be entered against Plaintiff pursuant to Fed. R. Civ. P. 56.

SO ORDERED this 1st day of September, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA