IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| TODD UPSHAW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 317-029 |
| | ) | |
| JOHN WATTS, Tier II OIC, Telfair State | ) | |
| Prison; BARABARA GRANT, Unit | ) | |
| Manager; and BEASLEY, Lieutenant,[1] | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, currently incarcerated at Telfair State Prison ("TSP") in Helena, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

**I.    SCREENING OF THE AMENDED COMPLAINT**

   **A.    BACKGROUND**

Plaintiff names as Defendants (1) John Watts, Tier II Officer in Charge; (2) Barbara Grant, Unit Manager; and (3) Beasley, Lieutenant. (Doc. no. 1, pp. 1, 8.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

_____

[1]The Court **DIRECTS** the Clerk to update the docket in accordance with the caption on this Order.

On May 10, 2017, Plaintiff was transferred to Augusta State Medical Prison ("ASMP") to examine what had been diagnosed as a pinched nerve. (Id. at 5.) Two ASMP doctors ran several tests, including shocking his veins with two prongs of a rectangular device and inserting a needle into various places on his left arm and neck. (Id. at 8.) After a considerable amount of time, Plaintiff was transferred back to TSP. (Id. at 9.)

When first transferred to TSP, Plaintiff was housed in Tier II Unit E-2. (Id.) While there, he heard various threats and references to assaults regarding the F-building. (Id.) In particular, Plaintiff was told by fellow inmates "Wait until we get back to F-building, we gone have plenty of yard," and "we don't have to keep talking, we'll see once we get on the yard in F-building." (Id.) When Plaintiff was transferred to F-1 building, Plaintiff was afraid to go outside for recreation because of the aforementioned threats and the compromised nature of the recreation yard. (Id.) Inmates regularly pick the locks on the cages in the yard and assault fellow inmates, which has caught the attention of guards on three to four different occasions. (Id.) Because of these dangerous conditions, Plaintiff has not ventured outside of his cell for recreation in 170 days. (Id. at 10.)

On March 30, 2017, Plaintiff appealed his Phase Three plus extension to remain housed in Tier II, but to date has not received a decision regarding this appeal. (Id.) Plaintiff also appealed his March 20, 2017 Phase hearing, but has not received a decision regarding that appeal either. (Id. at 11.) However, Plaintiff attaches a reviewed appeal form in which Warden Hall "concur[s] with committee" regarding Plaintiff's phase classification. (Id. at 14.)

On June 2, 2017, Plaintiff received two disciplinary reports. (Id. at 11.) Defendant Beasley held a disciplinary hearing regarding these reports on June 20, 2017, during which Plaintiff informed him of several deficiencies in the hearing process. (Id.) Defendant Beasley apparently conducted the hearing anyway, and refused to help Plaintiff figure out how to appeal his decision. (Id.) Furthermore, to date, Defendant Beasley has not provided Plaintiff with the basis for his finding of guilt. (Id.)

Finally, Plaintiff contends the law library at TSP does not carry the Georgia Administrative Code as part of its database. (Id.)

### B.  DISCUSSION

#### 1.  Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

## 2. Plaintiff's Transfer to ASMP Did Not Violate the Constitution.

Plaintiff fails to state a claim upon which relief can be granted for his transfer to ASMP for medical treatment. Prisoners do not have a constitutional right to remain at a particular penal institution. See Adams v. James, 784 F.2d 1077, 1079 (11th Cir. 1986) ("prison inmates do not have a constitutionally protected right to remain at a particular penal institution"); Meachum v. Fano, 427 U.S. 215, 227, (1976) (transfer without hearing does not violate Constitution); see also Tate v. Brannen, No. 5:11-CV-249-WLS-MSH, 2012 WL 6968457, at *3 (M.D. Ga. Jan. 23,

2012), *report and recommendation adopted*, No. 5:11-CV-249 WLS, 2013 WL 395976 (M.D. Ga. Jan. 31, 2013) ("Plaintiff has no constitutional right to be transferred from a particular prison."). Accordingly, Plaintiff's fails to state a constitutional claim for his transfer to ASMP for medical treatment.

> **3. Plaintiff's Fails to State a Claim for Deliberate Indifference to His Safety Regarding His Assignment to F-Building.**

Plaintiff has also failed to state a viable Eighth Amendment claim for deliberate indifference to his safety. "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 828 (1994) (citations omitted). To establish such a claim, a prisoner "must allege facts sufficient to show (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." Lane v. Philbin, 835 F.3d 1302, 1307 (11th Cir. 2016) (internal quotations omitted). These three elements are evaluated in part by an objective standard and in part by a subjective standard. See Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1099 (11th Cir. 2014). As the Eleventh Circuit explained,

> When examining the first element—a substantial risk of serious harm—the court uses an objective standard. The second element—the defendant's deliberate indifference to that risk—has two components: one subjective and one objective. To satisfy the subjective component, a plaintiff must produce evidence that the defendant actually (subjectively) kn[ew] that an inmate [faced] a substantial risk of serious harm. To satisfy the objective component, a plaintiff must produce evidence that the defendant disregard[ed] that known risk by failing to respond to it in an (objectively) reasonable manner.

Id. (internal citations and quotations omitted).

Because "a risk of harm to some degree always exists by the nature of its being a [prison]," not every condition rises to the level of an Eighth Amendment violation. Purcell

5

ex rel. Estate of Morgan v. Toombs Cty., Ga., 400 F.3d 1313, 1323 (11th Cir. 2005). However, "confinement in a prison where violence and terror reign is actionable." Harrison v. Culliver, 746 F.3d 1288, 1299 (11th Cir. 2014) (quoting Purcell, 400 F.3d at 1320).

Under the subjective component, "[a] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Lane, 835 F.3d at 1308. However, "[i]nferences from circumstantial evidence . . . can be used to show that a prison official possessed the necessary knowledge." Id. Under the objective component, an official responds to a known risk in an objectively unreasonable manner if "he knew of ways to reduce the harm but knowingly declined to act" or if "he knew of ways to reduce the harm but recklessly declined to act." Hale v. Tallapoosa County, 50 F.3d 1579, 1583 (11th Cir. 1995).

Here, Plaintiff fails to show a substantial risk of harm. Although he alleges inmates made "threats and prison jargon" in reference to potential assaults (doc. no. 10, p. 9), "[a]bsent special circumstances, general hostilities exhibited by prisoners do not alone amount to a 'substantial risk of serious harm.'" Smothers v. Brown, No. 5:13-CV-227-RS-EMT, 2013 WL 6243402, at *3 (N.D. Fla. Dec. 3, 2013) (citing Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003); Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990)). Indeed, apart from his general allegations regarding the dangers of assault, Plaintiff noted only three to four instances in the 170 days he has been housed in the F-building of inmates picking locks in an attempt to assault other inmates. Such infrequent assaults, without more,

6

are insufficient to show a substantial risk of harm. See Harrison, 746 F.3d at 1299 (holding four assaults in three years insufficient to establish excessive risk of harm).

Accordingly, Plaintiff's fails to state a claim for deliberate indifference to a substantial risk of harm.

### 4. Plaintiff Fails to State a Claim for Failure to Address His Classification Appeal.

Plaintiff contends he received no response to the appeal of his Phase Three classification hearing. However, Plaintiff attaches to his amended complaint an appeal form showing the Warden's ruling on his appeal. (See doc. no. 10, p. 14.) As Plaintiff's own documentation shows his appeal was addressed in a timely manner, Plaintiff claim's is contrary to fact and he fails to state a claim upon which relief can be granted.

### 5. Plaintiff Fails to State a Claim for a Denial of Access to Courts.

Plaintiff's claim that the law library at TSP does not contain the Georgia Administrative Code falls under the constitutional right of access to the courts. See Bounds v. Smith, 430 U.S. 817, 97 (1977) ("the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries"). To state a viable denial of access to the courts claim, a plaintiff must allege "actual injury"; that is, "prison officials' actions . . . must have impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action" and the inmate "must provide evidence of such deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials." Al-Amin v. Smith, 511 F.3d 1317, 1332 (11th Cir. 2008) (quoting Wilson v. Blankenship, 163 F.3d 1284,

1290-91 (11th Cir. 1998). Here, Plaintiff alleges no facts indicating any legal proceeding has been impeded, only that the prison library does not carry the Georgia Administrative Code. (Doc. no. 10, p. 11.) Accordingly, Plaintiff's right of access to the courts claim fail.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's transfer, deliberate indifference, appeal, and access to courts claims be **DISMISSED**. As no claims remain against them, the Court further **REPORTS** and **RECOMMENDS** all Defendants except Defendant Beasley be **DISMISSED** from this case. In a companion Order, the Court has allowed Plaintiff's Fourteenth Amendment due process claim against Defendant Beasley to proceed.

SO REPORTED and RECOMMENDED this 1st day of September, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA